MORGAN, LEWIS & BOCKIUS LLP
Brian D. Berry, Bar No. 229893
Sarah Zenewicz, Bar No. 258068
Roshni C. Kapoor, Bar No. 310612
One Market
Spear Street Tower
San Francisco, CA  94105-1596
Tel:   +1.415.442.1000
Fax:  +1.415.442.1001
brian.berry@morganlewis.com
sarah.zenewicz@morganlewis.com
roshni.kapoor@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Anahi Cruz, Bar No. 324326
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   +1.213.612.2500
Fax:  +1.213.612.2501
anahi.cruz@morganlewis.com

Attorneys for Defendant
AMAZON.COM SERVICES LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GUEVARA, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM SERVICES LLC, a Delaware Corporation; and DOES 1 to 10, inclusive,<br><br>Defendant. | Case No. 2:22-cv-05948<br><br>**DEFENDANT AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL OF COMPLAINT** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1367, 1441 and 1446, Defendant Amazon.com Services LLC ("Amazon" or "Defendant") hereby removes to the United States District Court for the Central District of California the above-captioned state court action, originally filed as Case No. 56-2022-00567889-CU-OE-VTA in Ventura County Superior Court, State of California.

## I.   PROCEDURAL BACKGROUND

1.   On July 8, 2022, Plaintiff Robert Guevara ("Plaintiff") filed an unverified putative class action complaint in the Superior Court of the State of California, County of Ventura, titled *Robert Guevara, an individual, on behalf of himself and all others similarly situated, vs. Amazon.com Services LLC, a Delaware corporation; and Does 1 through 100, inclusive*, Case No. 56-2022-00567889-CU-OE-VTA.  The Complaint alleges five causes of action: failure to provide a reasonable accommodation in violation of California Labor Code § 1040 *et seq.*, wrongful termination in violation of California Labor Code § 1040 *et seq.*, wrongful termination in violation of public policy, breach of implied-in-fact contract not to terminate, failure to engage in the interactive process, and failure to prevent discrimination.

2.   On July 22, 2022, Plaintiff served Defendant personally with the Summons, Complaint, Civil Case Cover Sheet, and Notice of Case Assignment and Mandatory Appearance.  A true and correct copy of the Summons and Complaint is attached as **Exhibit A** to the Declaration of Roshni Kapoor, August 22, 2022 ("Kapoor Decl.") and incorporated by reference.  A true and correct copy of the Civil Case Cover Sheet and Notice of Case Assignment are attached as **Exhibit B** to the Kapoor Decl. and incorporated by reference.

3. On August 5, 2022, Plaintiff served Defendant via certified mail with a Notice of Posting Jury Fees. A true and correct copy of the Notice of Posting Jury Fees is attached as **Exhibit C** to the Kapoor Decl. and incorporated by reference

4. The Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, and Notice of Posting Jury Fees (attached as Exhibits A – C) constitute the entirety of the process, pleadings, and orders that have been served in this case to date.

## II. REMOVAL IS TIMELY

5. Amazon has timely filed this Notice of Removal under 28 U.S.C. § 1446(b) because it is filed within thirty days of the July 22, 2022 service of the Summons and Complaint on Amazon. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining that thirty-day removal period begins to run on the date of service).

## III. THIS COURT HAS ORIGINAL SUBJECT-MATTER JURISDICTION

6. Removal to this Court is proper under 28 U.S.C. § 1332 because (i) Plaintiff's individual claims place more than $75,000 in controversy, exclusive of interests and costs; (ii) the action involves citizens of different states; and (iii) no properly joined defendant is a citizen of California.[1]

7. Further, this Court has supplemental jurisdiction over the claims of the unnamed class members to Plaintiff's putative class claims under 28 U.S.C. § 1367. *See Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001) ("[W]e hold that if a named plaintiff in a diversity class action has a claim with an amount in controversy in excess of $75,000, 28 U.S.C. § 1367 confers supplemental jurisdiction over claims of unnamed class members irrespective of the amount in controversy in

---

[1] Amazon reserves the right to supplement or provide the Court with additional briefing or information necessary to appropriately assess diversity requirements with respect to the named Plaintiff. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001) (noting that a party may "cure[] its defective allegations … by amending its notice of removal.").

those claims . . ."); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005) ("We hold that, where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction.").

### A. The Amount in Controversy for Plaintiff Exceeds $75,000

8. Although the Complaint does not allege any amount of damages as to each claim, removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the total amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). *See also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[N]otice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

9. Plaintiff alleges that Defendant failed to assist his alleged illiteracy on May 3, 2022, and wrongfully terminated him. Kapoor Decl., **Ex. A** ¶¶ 16–22. Based on those allegations, Plaintiff seeks to recover "general, special, and consequential damages," "exemplary damages," "prejudgment interest," "reasonable attorneys' fees," and "costs of suit." *Id.* at pp. 13-14.

10. While Defendant denies any and all liability to Plaintiff, based on a conservative, good faith estimate of the value of the alleged damages in this action (lost wages, emotional distress, punitive damages, and attorneys' fees), as further described below, the amount in controversy in this case well exceeds $75,000, exclusive of interest and costs. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376–77 (9th Cir. 1997) (holding that where a complaint does not allege a specific dollar amount, the case is removable if the removing defendant shows by a preponderance of the evidence that the jurisdictional amount is present); *see also*

*Simmons v. PCR Tech.*, 209 F. Supp. 2d at 1031–35 (N.D. Cal. 2002) (holding that Plaintiff's damages claim, including lost wages, medical expenses, emotional distress and attorneys' fees, was enough to put the amount in controversy above $75,000).

### i. Lost Wages Alone May Exceed $75,000

11. Plaintiff alleges lost wages since he was denied an accommodation in May 2022. Kapoor Decl., **Ex. A** ¶¶ 16-22. According to the most recent case-management statistics for U.S. District Courts, a jury trial in this case likely would not occur for until at least July 2024. *See* United States District Courts – Judicial Caseload Profile for the Central District of California (stating median time from filing date to trial is 23.5 months for civil cases in the Central District of California).[2] Based on Plaintiff's pay rate of $15.80 per hour, Plaintiff's claim for lost wages would be over $70,000.00 if trial were completed in July 2024, which is a conservative assumption given that this is a putative class action.[3] Declaration of Nate Duke, August 22, 2022, ¶ 4 (Plaintiff's pay rate and schedule); *see, e.g.*, *Melendez v. HMS Host Family Rest., Inc.*, No. CV 11-3842, 2011 WL 3760058, at *2 (C.D. Cal. Aug. 25, 2011) (including projected lost wages from alleged adverse employment action to anticipated date of judgment in amount-in-controversy calculation); *Rivera v. Costco Wholesale Corp.*, No. C 08-02202, 2008 WL 2740399, at *3 (N.D. Cal. July 11, 2008) (considering "lost wages and benefits [that] may accrue" after removal); *Celestino v. Renal Advantage Inc.*, No. C 06-07788, 2007 WL 1223699, at *4 (N.D. Cal. Apr. 24, 2007) (including future lost income in amount-in-controversy calculation).

### ii. Emotional Distress Damages Alone Likely Exceed $75,000

12. Plaintiff also alleges damages for emotional distress, humiliation and mental and physical pain and anguish. Kapoor Decl., **Ex. A** ¶ 47, 54. In determining

---

[2] Available at https://www.uscourts.gov/sites/default/files/fcms_na_distprofile0630.2022.pdf.
[3] The minimum value of Plaintiff's lost wages claim for his full-time job at Amazon between May 2022 and July 2024 is $71,416.00 (assuming 113 weeks of 40 hours per week at $15.80).

whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages. "Emotional distress awards in California for wrongful termination in violation of public policy and discrimination . . . can be large relative to the underlying economic damages." *Simpson v. Off. Depot, Inc.*, 2010 WL 11597950, at *3 (C.D. Cal. June 21, 2010). Because emotional distress damages frequently exceed $75,000, it is reasonable to assume that Plaintiff seeks in excess of $75,000 for alleged emotional distress damages alone. *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347–48 (1977), *superseded by statute on other grounds*; *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998). Indeed, numerous California Courts have awarded more than $75,000 in emotional distress damages alone in wrongful termination cases. *See, e.g.*, *Keiffer v. Bechtel Corp.*, 65 Cal. App. 4th 893, 895 (1998) (California Court of Appeal upheld jury award in excess of $75,000.00 for emotional distress damages); *Satrap v. Pac. Gas & Elec. Co.*, 42 Cal. App. 4th 72, 76 (1996) (jury award in excess of $75,000.00 in non-economic damages was upheld); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal. Dec. 11, 2011) (awarding a total of $7,550,000 in compensatory damages for emotional distress and physical injuries to six plaintiffs in age discrimination and wrongful termination case); *Welch v. Ivy Hill Corp.*, No. BC414667, 2011 WL 3293268 (Los Angeles Sup. Ct. Mar. 8, 2011) (awarding $1,270,000 in pain and suffering to employee in age discrimination action).[4]

---

[4] *See also, e.g., EEOC v. Harris Farms, Inc.*, Docket No. 02-CV-06199-AW1-LJ0 (E.D. Cal. Jan. 24, 2005) (jury verdict included damages for $53,000 in past earnings and $350,000 in emotional distress damages); *Francies v. Kapla*, 127 Cal. App. 4th 1381 (2005) (finding that wrongfully terminated plaintiff suffered $425,000 in non-economic damages, 607% of his $70,000 in economic damages); *Campbell v. Nat'l Passenger R.R. Corp.*, 2010 WL 625362, at *1 (N.D. Cal. Feb. 18, 2010) (awarding $120,000 in non-economic damages); *Astor v. Rent-A-Center*, Docket No: 03AS048644 (Sacramento Cnty. Super. Ct. Aug. 5, 2005) (jury verdict included $250,000 in non-economic damages); *Silverman v. Stuart F. Cooper Inc.,* No. BC467464, 2013 WL 5820140 (Los Angeles Sup. Ct. July 19, 2013) (awarding $151,333 for emotional distress damages in age discrimination and wrongful termination case); *Aboulafia v. GACN Inc.,* No BC469940, 2013 WL 8115991 (Los Angeles Sup. Ct. Dec. 17, 2013) (pain and suffering awards of at least $250,000 to each of four employees in age discrimination and wrongful termination action).

### iii. Attorney's Fees Alone Likely Exceed $75,000

13. Plaintiff also seeks to recover an unspecified amount of attorneys' fees under California Code of Civil Procedure § 1021.5, which authorizes fees to a successful party. Kapoor Decl., **Ex. A** ¶ 50, 57. Attorneys' fees are also considered for purposes of calculating the amount in controversy. *See, e.g., Galt G/S*, 142 F.3d at 1155–56 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 697-98 (9th Cir. 2007) (attorneys' fees are included in the calculation of the amount in controversy under 28 U.S.C. § 1332(a)); *Sanchez v. Wal-Mart Stores, Inc.*, No. S-06-cv-2573, 2007 WL 1345706, at *2 (E.D. Cal. May 8, 2007) ("Attorney's fees, if authorized by statute or contract, are also part of the calculation."). The total amount of attorneys' fees that could accrue during the course of litigation are considered. *Lippold v. Godiva Chocolatier, Inc.*, No. C 10–00421, 2010 WL 1526441, at *3-4 (N.D. Cal. Apr. 15, 2010) ("a reasonable estimate of attorneys fees likely to be expended" should be included in calculating the amount in controversy); *accord Pulera v. F & B, Inc.*, No. 2:08-cv-00275 – MCEDAD, 2008 WL 3863489, at *4–5 (E.D. Cal. Aug. 19, 2008); *Celestino*, 2007 WL 1223699 at *4; *Simmons*, 209 F. Supp. 2d at 1034–35 (N.D. Cal. 2002); *Brady v. Mercedes-Benz*, 243 F. Supp. 2d 1004, 1010–11 (N.D. Cal. Jan. 12, 2002).

14. Plaintiff's lead attorney Carney Shegerian, and other named attorneys from Plaintiff's law firm, charge $1,000 or more per hour and regularly seek millions of dollars for attorneys' fees in single-plaintiff employment cases in California courts. *See*, *e.g.*, Request for Judicial Notice ("RJN"), Ex. 1 (granting fee award with hourly rate of $1,300 for 407 claimed hours worked by Shegerian and hourly rate of $1,000 for 254 claimed hours worked by Nguyen, for a total fee award of nearly $2.5 million in fees through trial of single-plaintiff case involving wrongful termination claim); *id.*, Ex. 2 (granting fee award of over $1 million and hourly rate of $1,300 for

Shegerian and $900 for Nguyen as co-counsel through trial in single-plaintiff case involving wrongful termination claim). At Mr. Shegarian's billing rate of $1,300, he would only need to spend 57.7 hours on this case to reach $75,000 in attorneys' fees.

15. Based on Plaintiff's counsel's own record of billing rates in excess of $1,000 and his fee award requests in similar cases, a conservative estimate of attorneys' fees for named Plaintiff's claims alone will exceed $75,000 within the early months of litigation.

### iv. Punitive Damages Further Increases the Amount in Controversy

16. Plaintiff also requests an unspecified amount in punitive damages. Kapoor Decl., **Ex. A** at p. 14. Plaintiff's claims for punitive damages are part of the amount in controversy when determining diversity jurisdiction. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). Because California juries have returned verdicts with substantial punitive-damage awards in employment discrimination actions, Plaintiff's claim for punitive damages substantially increases the amount in controversy. *See Simmons*, 209 F. Supp. 2d at 1033 ("the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases"); *Ko v. Square Grp., LLC*, Case No. BC 487739, 2014 WL 3555573 (Cal. Super. Ct. June 17, 2014) (disability discrimination case resulting in punitive damages award of $500,000); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (S.D. Iowa 1994) ("Because the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct, it is apparent plaintiff's claim for punitive damages alone might exceed [the jurisdictional amount].").

### B. Amazon and Plaintiff Are Not Citizens of the Same State

17. Plaintiff resides in California, and does not allege any alternate state citizenship. Kapoor Decl., **Ex. A** ¶ 7. Therefore, Plaintiff is a citizen of the state of

California for purposes of removal. *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal 2002) ("An individual is a citizen of the state in which he is domiciled."); *Lew v. Moss*, 797 F. 2d 747, 750 (9th Cir. 1986) (holding that for purposes of diversity, citizenship is determined by the individual's domicile when the lawsuit is filed).

18. As a limited liability company, Amazon is a citizen of "every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The term "principal place of business" in practice "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,'" of the corporation's activities by its officers. *Hertz Corp. v. Friend,* 559 U.S. 77, 92–93 (2010).

19. Amazon.com Sales, Inc. is the sole member and owner of Amazon. Amazon.com Sales, Inc. is a Delaware corporation and its principal place of business is in Seattle, Washington, where its officers direct, control, and coordinate corporate activities. Declaration of Zane Brown, August 16, 2022, ¶ 3; Kapoor Decl., **Ex. A** ¶ 8 (alleging Amazon is a Delaware corporation). Therefore, Amazon is a citizen of Delaware and Washington for purposes of removal.

20. For purposes of diversity jurisdiction under 18 U.S.C. § 1332, courts disregard the citizenship of defendants sued under fictitious names. 28 U.S.C. § 1441(b)(1). The citizenship of "Does 1-10" named in the Complaint is therefore immaterial to the jurisdiction inquiry. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441(a) (stating that for purposes of removal, the citizenship of Defendant sued under fictitious names shall be disregarded).

## IV. OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

21. This action was originally filed in the Superior Court for the County of Ventura. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. §1441(a), because it encompasses the county in which this action has been pending.

22. Amazon will promptly serve this Notice of Removal on Plaintiff and will promptly file and serve a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Ventura, in which the action is pending, as required under to 28 U.S.C. § 1446(d).

23. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders served" upon Amazon, as well as other documents filed in the state-court action, are filed concurrently with this Notice of Removal as exhibits.

## V. CONCLUSION

24. Based on the foregoing, Amazon requests that this action be removed from the Superior Court of the State of California for the County of Ventura to the United States District Court for the Central District of California, and that all future proceedings in this matter take place in the United States District Court for the Central District of California.

25. If any question arises as to the propriety of the removal of this action, Amazon requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

Dated: August 22, 2022         MORGAN, LEWIS & BOCKIUS LLP


By  /s/ Roshni C. Kapoor
    Brian D. Berry
    Sarah Zenewicz
    Roshni C. Kapoor
    Anahi Cruz
    Attorneys for Defendant
    AMAZON.COM SERVICES LLC